UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                              No. 02-4065

VANCE EDWARD INGRAM, III,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-207)

Submitted: September 16, 2002

Decided: September 24, 2002

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Vance Edward Ingram, III, was convicted by a federal jury of one count of possession of cocaine base with intent to distribute. Ingram appeals the district court's order denying his motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge the validity of the affidavit supporting the search warrant that yielded evidence used to obtain his conviction.

We first note that it is unclear whether Ingram in fact lived at the searched residence and thus had standing to seek to suppress the seized evidence. Assuming, however, that Ingram in fact had standing to challenge the search warrant, we have thoroughly reviewed the record and conclude that the *Franks* motion was properly denied because Ingram did not make the requisite preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. *Id.* at 155-56.

Ingram also contends that the district court erred in permitting the Government to elicit expert testimony concerning the street value of crack cocaine. He asserts that the admission of this testimony conflicted with the court's prior ruling forbidding witness Michael Cannon from testifying about prior drug transactions with Ingram. Our review discloses that the admission of the expert testimony did not amount to an abuse of discretion. *See United States v. Wilson*, 135 F.3d 291, 306 (4th Cir. 1998); Fed. R. Evid. 403, 404(b).

We accordingly affirm Ingram's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*